Edward F. Mitchell    (State Bar # 135557)
LAW OFFICES OF EDWARD F. MITCHELL
1750 Montgomery Street
San Francisco, California  94111
(415) 265-4220          DIRECT
(415) 954-8517          RECEPTION
(415) 449-3562          FAX
EFMLawSF@juno.com      E-MAIL

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

Attorneys for plaintiffs
JESSICA K. CALLOW and
RCJ CAPITAL, LLC, a Florida
limited liability company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JESSICA K. CALLOW and RCJ CAPITAL, LLC, a Florida limited liability company, | ) Case No. CV-09-0929-JFW-(JWJx) |
| | ) |
| | ) **PRELIMINARY INJUNCTION** |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| *v.* | ) |
| | ) |
| MARK SAINT JUSTE, also known as MARK ST. JUSTE, MARK LOUIS SAINT JUSTE, and MARK A. BAPTISTE; SAINT JUSTE INTERNATIONAL CORPORATION, a California corporation; WILLIAM LESLIE O'BRYAN; and DOES 1 through 10, inclusive, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| | ) |

THIS MATTER came before the Court on March 6, 2009 upon the Court's order, issued February 6, 2009 and continued February 23, 2009, to defendants Mark Saint Juste

(Saint Juste), Saint Juste International Corporation (SJIC), and William L. O'Bryan (O'Bryan) to show cause why a preliminary injunction should not issue, in accordance with Federal Rule of Civil Procedure 65, restraining them and those acting in concert or participation with them from the withdrawal, transfer, or removal by any means or procedure, of the funds claimed by plaintiffs Jessica K. Callow (Callow) and RCJ Capital, LLC (RCJ) in the amount of Five Hundred Sixty Thousand United States Dollars ($560,000.00) from any bank account maintained by these defendants.

Plaintiffs appeared through their counsel, Edward F. Mitchell.  Defendant O'Bryan appeared representing himself.  Neither Saint Juste nor SJIC filed any opposition to plaintiffs' application for a temporary restraining order and preliminary injunction, and neither filed any response to the order to show cause.  Neither Saint Juste nor SJIC appeared at the hearing on the order to show cause.  Plaintiffs' application for a preliminary injunction as to defendants Saint Juste and SJIC is granted for the reasons set forth in this order.  Plaintiffs' application for a preliminary injunction as to defendant O'Bryan is treated in a separate order.

### APPLICABLE STANDARD FOR PRELIMINARY INJUNCTION

The appropriate standard for issuance of a preliminary injunction in this case is set out in *Southwest Voter Registration Education Project* v. *Shelley* (9th Cir. 2003) 344 F.3d 914.  A preliminary injunction is appropriate when plaintiffs demonstrate either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions going to the merits are raised and the balance of hardships tips sharply in plaintiffs' favor.

///

///

**FINDINGS OF FACT RE: NOTICE**

1.     Defendants Saint Juste and SJIC have received actual notice of this action, of the temporary restraining order in effect, and of this hearing on the order to show cause concerning issuance of a preliminary injunction.  The Court bases this finding upon the record in this case and in this proceeding, specifically:

A)     David Keith Freeman, plaintiffs' investigator, states that he spoke with Saint Juste on February 11, 2009 and advised him that this action was pending against him.  During that conversation, Saint Juste advised that he would not cooperate in accepting service of process;

B)     On February 11, 2009, plaintiffs' counsel sent copies of all pleadings in this case to Saint Juste, at both his residence and his office addresses, by Federal Express;

C)     On February 23, 2009, prior to the hearing on the order to show cause, defendant O'Bryan advised plaintiffs' counsel that O'Bryan had met with Saint Juste that same morning, and that O'Bryan and Saint Juste had discussed this action at that time.  O'Bryan confirmed this in open court during the hearing on the order to show cause the same day;

D)     Substitute service was effected on Saint Juste on February 20, 2009 after at least three (3) unsuccessful attempts to personally serve Saint Juste at his office located at 1999 Avenue of the Stars, Eleventh Floor, Los Angeles, California.

2.     Saint Juste is attempting to evade service of process in this case.

///

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.      Notice to defendants Saint Juste and SJIC is sufficient to comply with Federal Rule of Civil Procedure 65(a).

2.      Pursuant to United States District Court for the Central District of California Rule 7-9, defendants Saint Juste and SJIC have consented to the issuance of the preliminary injunction by their failure to oppose it.

3.      Plaintiffs have demonstrated, with respect to defendants Saint Juste and SJIC, a likelihood of success on the merits and the possibility of irreparable injury.  Plaintiffs have presented a *prima facie* case that is likely to succeed on the merits as follows:

A)      Declarations submitted by Philip M. Culler (Culler) of Village-Buellton, LLC (VB) and by D. Keith Freeman of The Jedburgh Group International, Inc. (plaintiffs' licensed private investigating agency) present details of a fraudulent transaction that is the subject of this action, including: that Saint Juste and SJIC never created or made available to VB or Culler a $16,000,000.00 bank account as represented or promised; that the account never was established or funded as represented by Saint Juste; and that the documents purporting to be HSBC banking documents and purporting to prove the creation and funding of the account are fakes.

B)      That defendant O'Bryan provided to plaintiffs' counsel the identity and contact information of one Surajiet Khanna, representing to plaintiffs' counsel that Khanna was a satisfied "customer" of Saint Juste; that plaintiffs' investigators and counsel then spoke with Khanna and learned that Khanna complains of being victimized by a

1  fraud perpetrated by Saint Juste that is strikingly similar, if not identical, to the fraud

2  that is the subject of this action.

3       4.       If Saint Juste and SJIC are allowed to continue transferring funds out of the

4  United States (which plaintiffs' evidence demonstrates they do with some regularity), plain-

5  tiffs will be unable to recoup the $560,000.00 they invested in Saint Juste's and SJIC's

6  scheme, which constitutes more than 75% of the retirement funds of Rickard B. Hemmer,

7  who is plaintiff Callow's father and a member of plaintiff RCJ Capital, LLC, and whose funds

8  RCJ invested with Saint Juste and SJIC; this would constitute irreparable harm to plaintiffs.

9

10                                      ORDER

11       Based upon the above findings and conclusions, and for good cause shown, the Court

12  orders as follows:

13       1.       Pending trial of this action, defendants Mark Saint Juste (under this name or

14  under any alias) and Saint Juste International Corporation, and all of their agents and repre-

15  sentatives, directors, officers, employees, and attorneys, and any person or entity acting in

16  concert or participation with any of them, HEREBY ARE RESTRAINED ANDS ENJOINED

17  from withdrawing, transferring, or removing by any means or procedure, the funds (or any

18  portion of them) claimed by plaintiffs Callow and RCJ in the amount of Five Hundred Sixty

19  Thousand United States Dollars ($560,000.00) from any deposit or equivalent or similar ac-

20  count maintained by Saint Juste or SJIC at any bank or financial institution, including, but not

21  limited to, accounts maintained at Citibank and Broadway Federal Bank, but also including

22  any and all accounts maintained at other banking or financial institutions.

PRELIMINARY INJUNCTION
*Page 5*

2. The temporary restraining order entered February 6, 2009 and extended February 23, 2009 will remain in effect until the Court signs and enters this preliminary injunction.

3. No bond from plaintiffs is required for this preliminary injunction.

DATED: March 11, 2009

_____
UNITED STATES DISTRICT JUDGE

PRELIMINARY INJUNCTION
*Page 6*